Filed 5/20/13  P. v. Cobb CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062364 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE319550) |
| JOSHUA LEE COBB, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Allan J. Preckel, Judge.  Affirmed.

Charles R. Khoury Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Joshua L. Cobb of unlawful possession of a billy club (Pen. Code,[1] § 22210). Cobb was granted probation subject to certain conditions.

Cobb appeals contending the trial court erred in admitting certain statements made by Cobb in violation of *Miranda v. Arizona* (l966) 384 U.S. 436 (*Miranda*). We are satisfied the trial court correctly admitted the challenged statements and affirm.

STATEMENT OF FACTS

At about 3:25 a.m. on March 27, 2012, a San Diego Sheriff's Deputy entered the parking lot of a 7-11 store in Lakeside. The deputy saw Cobb in the parking lot carrying a 24-inch long piece of pipe in his left hand. Cobb had a beer bottle upside down in his right hand. When Cobb saw the patrol car he moved the pipe more in line with his body in an apparent attempt to hide it from view.

The deputy got out of his car, drew his weapon and ordered Cobb to get down on the ground. Cobb got down on the ground in a prone position. The deputy asked Cobb why he was carrying the pipe to which Cobb responded "to defend himself" and stated his friend had "gotten jumped." Cobb was then placed under arrest, handcuffed and placed in the back of the patrol car.

While the deputy was outside of the car, filling out paperwork, Cobb leaned forward and said to the deputy, "It's Lakeside, homie. You know how it is out here. Can you have some discretion?" The deputy did not respond.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

DISCUSSION

Alleged *Miranda* Violation

Prior to jury selection, Cobb, who was then representing himself, filed a written motion to suppress evidence on Fifth Amendment grounds. Although the motion is somewhat rambling, it appears to challenge the admissibility of his statements to the deputy on *Miranda* grounds. The trial court deferred ruling on the motion until testimony was presented. The court directed the prosecutor to lay an appropriate foundation for the statements. Thereafter, during the trial the deputy testified to the statements set forth above without any objection. Cobb now contends the statements were admitted in violation of *Miranda.*

I

*STANDARD OF REVIEW*

In reviewing a challenge to evidence based on *Miranda* we first review the factual basis for the trial court's decision under the substantial evidence standard of review. There we defer to the express or implied findings of the trial court. (*People v. Glaser* (1995) 11 Cal.4th 354, 362.) Once the facts have been determined we review the decision to admit the statements under the de novo standard of review. Under that standard we independently determine whether the statements were lawfully admitted into evidence. (*People v. Weaver* (2001) 26 Cal.4th 876, 918.)

The application of the above standard of review is complicated somewhat because Cobb failed to object when the testimony was actually given. Indeed part of the

3

testimony was elicited on cross-examination by Cobb. We note the respondent has not raised the issue of forfeiture so we will resolve the issue on the record before us.

II

*LEGAL PRINCIPLES*

When a person is subjected to custodial interrogation for the purpose of eliciting incriminating statements, the person must first be warned of the rights established in *Miranda,* and make a knowing and intelligent waiver of those rights. The *sine qua non* of the *Miranda* warning and waiver system, however, is the presence of custody. (*People v. Mosley* (1999) 73 Cal.App.4th 1081, 1088; *People v. Mickey* (1991) 54 Cal.3d 612, 648.) Thus the first question to be decided is custody.

Where a person has been placed under arrest, that person is in custody. However, temporary detention, although a seizure under the Fourth Amendment, is not the equivalent of custody. (*Berkemer v. McCarty* (1984) 468 U.S. 420, 442.) During a detention, police may ask a reasonable number of questions in order to determine whether or not the suspect should be arrested. Such limited inquiries do not elevate a detention into custody. (*People v. Farnam* (2002) 28 Cal.4th 107, 169.) The question is whether the detention has become so restrictive, or lasted so long, that a reasonable person would believe that he or she is in custody.

Once a person is in custody, the question arises as to whether the person is being interrogated. Voluntary statements made without interrogation do not fall within the *Miranda* protective system. (*Rhode Island v. Innis* (1980) 446 U.S. 291, 299-300*; Miranda, supra*, 384 U.S. at p. 478.)

4

III

*ANALYSIS*

Undoubtedly Cobb was forcibly detained by the deputy. The deputy displayed a firearm and ordered Cobb to the ground. However, this occurred in a night time encounter between the deputy and Cobb who was armed with a weapon. Almost immediately the deputy inquired as to the reason Cobb had the pipe, which may have been a lawful reason. While Cobb was not free to leave, by definition anyone detained is not "free to leave." As the court in *Berkemer v. McCarty, supra*, 468 U.S. at page 442, noted *Miranda* advisements are not immediately required when a person is detained. In that case the defendant was not free to leave when first questioned. It was only when the suspect was placed under arrest that the court found the *Miranda* requirements had been triggered.

In the present case, it is clear that the deputy's questions were asked before Cobb was arrested and prior to Cobb being placed in custody. Accordingly, a *Miranda* warning was not required at that point.

The second set of statements made by Cobb occurred while he was handcuffed and seated in the patrol car. The undisputed testimony at trial was that the deputy did not ask Cobb any question which prompted his response.

In *Rhode Island v. Innis, supra*, 446 U.S. 291, the court recognized that certain police actions might be sufficiently compelling on a suspect to become a substitute for interrogation. In that case the police officers had engaged in discussions among themselves, in the presence of the suspect, about their concerns for the safety of children

5

in a nearby school if they were unable to find the missing murder weapon, a shotgun. After the statements by police, Innis directed police to the location where he had left the weapon. Even then the court concluded the remarks were not made with the actual intention of triggering a response, nor did they have reason to believe Innis would respond to their remarks.

Here, the testimony at trial clearly shows the deputy did not ask postarrest statements or make any remarks that might have triggered Cobb's statements.[2] Thus, we are satisfied that the court correctly admitted Cobb's statements into evidence.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

---

[2] In his opening brief, Cobb makes numerous references to the preliminary hearing transcript. However, the decision on admissibility of the statements in this case was based solely on the evidence adduced at trial. Accordingly, we ignore the references to the preliminary hearing transcript.